IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THERON LUSK<br>c/o 519 H Street NW<br>Washington, DC 20001<br><br>    Plaintiff,<br><br>v.<br><br>PELENTI GROUP, LLC<br>333 36th Street NE<br>Washington, DC 20019<br><br>ANGIE LUNDY<br>1106 Toler Place<br>Norfolk, VA 23503<br><br>    Defendants. | Civil Action No. _____ |

# COMPLAINT

1.     While Plaintiff worked for Defendants as a janitor, Defendants failed to pay Plaintiff overtime wages for his overtime hours.

2.     Plaintiff brings this action against Pelenti Group, LLC and Angie Lundy ("Defendants") to recover damages for Defendants' willful failure to pay overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

## Jurisdiction and Venue

3.     Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b), because all Defendants reside in this district, or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## Parties

5. Plaintiff Theron Lusk is an adult resident of the District of Columbia.

6. Defendant Pelenti Group, LLC is a District of Columbia limited liability company. Its principal place of business is located at 333 36th Street NE, Washington, DC 20019. Its registered agent for service of process is Angie Lundy, 1661 Rosedale Street NE, Washington, DC 20002.

7. Defendant Angie Sue Lundy is an adult resident of Virginia. She resides at 1106 Toler Place, Norfolk, VA 23503. She is an owner and member of Defendant Pelenti Group, LLC. She exercises exclusive control over the operations of Pelenti Group, LLC — including its pay practices.

## Factual Allegations

8. Plaintiff worked for Defendants from approximately July 1, 2020 through approximately May 11, 2023 — with a leave of absence from approximately October 1, 2020 through approximately November 30, 2020.

9. Plaintiff worked for Defendants in the District of Columbia.

10. Plaintiff worked for Defendants as a janitor.

11. Plaintiff's job duties for Defendants primarily consisted of sweeping and mopping floors, cleaning bathrooms, cleaning tables, and emptying trash bins.

12. Plaintiff typically and customarily worked six to seven days per week.

13. Plaintiff typically and customarily worked an average of seventy-six hours per week.

14.     For example, for the workweek of April 25, 2022 through May 1, 2022, Plaintiff worked the following schedule:



15.     At all relevant times, Defendants paid Plaintiff by the hour.

16.     Defendants paid Plaintiff approximately the following hourly rates:

| Approximate Dates | Hourly Rate |
|---|---|
| Jul. 01, 2020–Sep. 30, 2020 | $15.00 |
| Leave of Absence | |
| Dec. 01, 2020–Jun. 30, 2021 | $15.00 |
| Jul. 01, 2021–Jun. 30, 2022 | $15.20 |
| Jul. 01, 2022–May 11, 2023 | $16.10 |

17.     At all relevant times, Defendants paid Plaintiff via one or more semimonthly direct deposits.

18.     At all relevant times, Plaintiff worked more than forty hours per workweek for Defendants.

19.     At all relevant times, Defendants paid Plaintiff the same regular hourly rate across all hours worked.

20.     At all relevant times, Defendants did not pay Plaintiff overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

21.     For example, for the pay period of April 1, 2022 through April 15, 2022, Plaintiff worked 144 hours. Defendants paid Plaintiff $15.20 × 144 for this pay period in two direct deposits that correspond to the two following paystubs:

3

| PERSONAL AND CHECK INFORMATION | | | EARNINGS | BASIS OF PAY | DESCRIPTION | HRS/UNITS | RATE | THIS PERIOD ($) | YTD HOURS | YTD ($) |
|---|---|---|---|---|---|---|---|---|---|---|
| Theron Lusk | | | | | Hourly | 116.00 | 15.2000 | 1763.20 | 223.50 | 16024.76 |
| 2500 Wisconsin Ave NW #144 | | | | | Salary | | | | | 1645.50 |
| washington, DC 20007 | | | | | Overtime | | | | 16.50 | 376.20 |
| Soc Sec #: xxx-xx-xxxx   Employee ID: 168 | | | | | Bonus | | | | | 2550.00 |
| | | | | | Holiday | | | | 12.00 | 273.60 |
| Pay Period: 04/01/22 to 04/15/22 | | | | | Total Hours | 116.00 | | | 252.00 | |
| Check Date: 04/18/22   Check #: 14694 | | | | | Gross Earnings | | | 1763.20 | | 20870.06 |
| NET PAY ALLOCATIONS | | | | | Total Hrs Worked | 116.00 | | | | |
| | | | WITHHOLDINGS | | DESCRIPTION | FILING STATUS | | THIS PERIOD ($) | | YTD ($) |
| DESCRIPTION | THIS PERIOD ($) | YTD ($) | | | | | | | | |
| Check Amount | 0.00 | 2726.38 | | | Social Security | | | 109.31 | | 1293.94 |
| Chkg 231 | 1561.99 | 15002.67 | | | Medicare | | | 25.57 | | 302.62 |
| NET PAY | 1561.99 | 17729.05 | | | Fed Income Tax | SMS No | | | | 834.10 |
| | | | | | DC Income Tax | S 3 | | 66.33 | | 710.35 |
| | | | | | TOTAL | | | 201.21 | | 3141.01 |

| PERSONAL AND CHECK INFORMATION | | | EARNINGS | BASIS OF PAY | DESCRIPTION | HRS/UNITS | RATE | THIS PERIOD ($) | YTD HOURS | YTD ($) |
|---|---|---|---|---|---|---|---|---|---|---|
| Theron Lusk | | | | | Hourly | 28.00 | 15.2000 | 425.60 | 107.50 | 14261.56 |
| 2500 Wisconsin Ave NW #144 | | | | | Salary | | | | | 1645.50 |
| washington, DC 20007 | | | | | Overtime | | | | 16.50 | 376.20 |
| Soc Sec #: xxx-xx-xxxx   Employee ID: 168 | | | | | Bonus | | | 150.00 | | 2550.00 |
| | | | | | Holiday | | | | 12.00 | 273.60 |
| Pay Period: 04/01/22 to 04/15/22 | | | | | Total Hours | 28.00 | | | 136.00 | |
| Check Date: 04/11/22   Check #: 14656 | | | | | Gross Earnings | | | 575.60 | | 19106.86 |
| NET PAY ALLOCATIONS | | | | | Total Hrs Worked | 28.00 | | | | |
| | | | WITHHOLDINGS | | DESCRIPTION | FILING STATUS | | THIS PERIOD ($) | | YTD ($) |
| DESCRIPTION | THIS PERIOD ($) | YTD ($) | | | | | | | | |
| Check Amount | 0.00 | 2726.38 | | | Social Security | | | 35.69 | | 1184.63 |
| Chkg 231 | 529.29 | 13440.68 | | | Medicare | | | 8.35 | | 277.05 |
| NET PAY | 529.29 | 16167.06 | | | Fed Income Tax | SMS No | | | | 834.10 |
| | | | | | DC Income Tax | S 3 | | 2.27 | | 644.02 |
| | | | | | TOTAL | | | 46.31 | | 2939.80 |

22. Defendants owe Plaintiff approximately $39,421.80 in unpaid overtime wages (excluding liquidated damages).

23. Defendant Angie Sue Lundy accepted contracts on behalf of Pelenti Group, LLC.

24. Defendant Angie Sue Lundy hired and fired employees on behalf of Pelenti Group, LLC.

25. Defendant Angie Sue Lundy hired Plaintiff.

26. Defendant Angie Sue Lundy participated in the decisions to set Plaintiff's rate and manner of pay.

27. Defendant Angie Sue Lundy had the authority to sign checks on behalf of Pelenti Group, LLC.

28. Defendant Angie Sue Lundy signed checks on behalf of Pelenti Group, LLC.

29. Defendant Angie Sue Lundy authorized Plaintiff's direct deposit payments.

30. At all relevant times, each Defendant had the power to hire and fire Plaintiff.

31. At all relevant times, each Defendant had the power to control Plaintiff's work schedule.

32. At all relevant times, each Defendant had the power to supervise and control Plaintiff's work.

33. At all relevant times, each Defendant had the power to set Plaintiff's rate and manner of pay.

34. At all relevant times, each Defendant was aware that they were legally required to pay Plaintiff one and one-half times his regular hourly rate for all hours worked in excess of forty hours in any one workweek.

35. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to him.

36. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

37. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce, such as mops, brooms, cleaning liquids, and other cleaning tools and supplies.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

38. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

39. Each Defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

40.     The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

41.     Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

42.     Defendants' violations of the FLSA were willful.

43.     For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY OVERTIME WAGES UNDER THE DCMWA

44.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

45.     Each Defendant was an "employer" of Plaintiff within the meaning of the DCMWA. D.C. Code § 32-1002(3).

46.     The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. D.C. Code § 32-1003(c).

47.     Defendants violated the DCMWA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

48.     Defendants' violations of the DCMWA were willful.

49.     For Defendants' violations of the DCMWA, Defendants are liable to Plaintiff for unpaid overtime wages, an amount equal to three times the unpaid overtime wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE DCWPCL

50.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

51.     Each Defendant was an "employer" of Plaintiff within the meaning of the DCWPCL. D.C. Code § 32-1301(1B).

52.     The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

53.     The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

54.     For purposes of the DCWPCL, "wages" include, among other things, overtime wages. D.C Code § 32-1301(3).

55.     Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiff all wages due, including overtime wages.

56.     Defendants' violations of the DCWPCL were willful.

57. For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court. *See Sivaraman v. Guizzetti & Assocs.*, 228 A.3d 1066, 1072 (D.C. 2020) ("[T]reble damages are mandatory, not discretionary, if requested."); *Martinez v. Asian 328, LLC*, 220 F. Supp. 3d 117, 123 (D.D.C. 2016) ("[T]he liquidated-damages provision of the DCWPCL awards treble damages as liquidated damages *in addition to* the actual damages in the form of unpaid wages.").

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$162,998.10**, and grant the following relief:

a. Award Plaintiff $157,687.20, consisting of the following overlapping elements:

  i. unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

  ii. unpaid overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

  iii. unpaid wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b. Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

c. Award Plaintiff attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated

8

to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $4,908.90);

d. Award Plaintiff court costs (currently, $402.00); and

e. Award any additional relief the Court deems just.

June 2, 2023                                          Respectfully submitted,

**DCWageLaw**

By: /s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #986001
JONATHAN TUCKER, #1026050
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com
jt@dcwagelaw.com

*Counsel for Plaintiff*